United States District Court
Southern District of Texas

**ENTERED**

March 25, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC d/b/a XFINITY, and COMCAST CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. 4:25-CV-01178 |
| TEXANBULL, INC., MUHAMMAD JUNAID KHAN, XYZ COMPANIES 1-10, and JOHN DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs Comcast Cable Communications, LLC d/b/a XFINITY and Comcast Corporation ("XFINITY" or "Plaintiffs") brought the above-captioned lawsuit against Defendants Fastline INC a/k/a Texanbull Inc., and Muhammad Junaid Khan ("Defendants"), alleging that Defendants and their co-conspirators are engaged in an unlawful enterprise to enrich themselves by impersonating XFINITY, contacting existing or potential XFINITY customers to offer them nonexistent free or significantly discounted XFINITY services or products, fictional XFINITY equipment upgrades or illusory discounts to their outstanding XFINITY bills, and collecting and pocketing the customer's money, leaving the customers confused and angry at XFINITY (hereinafter the "Imposter Fraud Scheme" or the "Scheme").

XFINITY contends that it received more than 250 customer complaints of the Imposter Fraud Scheme being allegedly perpetrated by Defendants and their co-conspirators, and follow-up calls to Defendants by XFINITY investigators were similarly met with false representations and efforts to extract money under the guise of XFINITY. XFINITY asserts that Defendants and their co-conspirators were not authorized to represent themselves as XFINITY, to contact XFINITY

customers, or to collect any money from XFINITY customers. Further, XFINITY contends that it did not offer a "50% off promotion" nor required its customers to perform an equipment upgrade or risk terminated service. Moreover, XFINITY contends that Defendants and their co-conspirators knew that they were not authorized to make such statements but did so solely to enrich themselves at the expense of consumers. XFINITY asserts that none of the money collected by Defendants and their co-conspirators from XFINITY customers was remitted to XFINITY. XFINITY contends that it was damaged by the actions of Defendants and their co-conspirators, including but not limited to lost customers, reputational damage in the highly competitive digital entertainment industry, damage to XFINITY's trademarks, lost equipment, costs to retain customers, extensive XFINITY customer care and fraud team time and expenses, and undercover investigation costs.

As a result of Defendants' alleged involvement in the Imposter Fraud Scheme, XFINITY asserted claims against Defendants, which Defendants denied, for tortious interference with business relationships and prospective advantage, torious interference with contract, civil conspiracy, unjust enrichment, unfair competition, volations of the Computer Fraud and Abuse Act under 18 U.S.C. §1030(a)(4), (5)(C), and (6), federal trademark infringement under 15 U.S.C. §1114, federal common law trademark infringement and false advertising under 15 U.S.C. §1125(a)(1)(A) and (B), federal trademark dilution under 15 U.S.C. §15 U.S.C. 1125(c), contributory trademark infringement, common law trademark infringement under Texas law, and common law fraud and fradulent misrepresentation.

Based on the stipulation of the parties, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby:

2

**ORDERED**, **ADJUDGED** and **DECREED** that:

1.      This Court has jurisdiction over all the parties and all of the claims set forth in XFINITY's Complaint.

2.      XFINITY has the right to use and enforce rights in the standard character and stylized XFINITY® mark (collectively, the "XFINITY Marks"), as depicted below:



3.      XFINITY uses the XFINITY Marks on and in connection with its communications and entertainment products and services. The XFINITY Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with XFINITY and its approved licensees.

4.      The conduct set forth in the Complaint adequately pleads tortious interference with prospective economic advantage, torious interference with contract, civil conspiracy, unjust enrichment, unfair competition, volations of the Computer Fraud and Abuse Act under 18 U.S.C. §1030(a)(4), (5)(C), and (6), federal trademark infringement under 15 U.S.C. §1114, federal common law trademark infringement and false advertising under 15 U.S.C. §1125(a)(1)(A) and (B), federal trademark dilution under 15 U.S.C. §15 U.S.C. 1125(c), contributory trademark infringement, common law trademark infringement under Texas law, and common law fraud and fradulent misrepresentation.

5.      XFINITY has suffered damages, including loss of goodwill and damage to its reputation, as a result of the Scheme. On review and consideration of all relevant factors, XFINITY is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6.      Final judgment is hereby entered against Defendants on all of the claims set forth in Plaintiffs' Complaint. An award of damages is entered against Defendant Fastline INC a/k/a

Texanbull Inc. and in favor of the Plaintiffs in the principal amount of Four Million Nine Hundred Twenty-Four Thousand Eight Hundred Dollars and Zero Cents ($4,924,800.00), which shall bear interest at the legal rate, for which let execution issue forthwith.

7.    Defendants and all of their past and present agents, officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including, but not limited to, any corporation, partnership, proprietorship or entity that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, servants, and persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

  i.    engaging in or soliciting, directing, requesting, or facilitating others to engage in the conduct described in the Complaint as the "Imposter Fraud Scheme" against XFINITY and its customers;

  ii.   holding themselves out as being associated with, employed by or on behalf of, or acting as an agent, representative, affiliate, contractor or authorized partner of XFINITY or any of its subsidiaries, parents or affiliates, or facilitating or knowingly assisting other persons or entities to do so;

  iii.  contacting existing or potential XFINITY customers by phone, email, text message, voicemail or any other method with the intent to engage in any aspect of the Imposter Fraud Scheme;

  iv.   acquiring, advertising or reselling any Comcast and/or XFINITY products or services;

v.  soliciting, accepting, retaining or transmitting any payment, in whatever form, from an XFINITY customer, including but not limited to, payments intended to be made to XFINITY for a new or existing XFINITY account;

vi.  laundering any payment received in connection with the Imposter Fraud Scheme;

vii.  advertising, using, selling or otherwise sharing or transmitting XFINITY customer credit card, check or other financial information;

viii.  attempting to or accessing XFINITY's Protected Computer System – as defined in the Complaint – including through protected and confidential computer passwords obtained by defrauding consumers, purchasing or otherwise acquiring the information on the dark web or by any other illicit means;

ix.  acquiring, purchasing, selling, advertising, aggregating, supplying, and/or soliciting, directly or indirectly, actual or potential XFINITY customer information or the confidential codes/passwords needed to access XFINITY's Protected Computers;

x.  communicating with employees or representatives of XFINITY, whether in person, by phone, instant messaging or mobile messaging or through a website, a third party, or any other means;

xi.  advertising for, soliciting or compensating individuals to engage in the Imposter Fraud Scheme;

xii.  training, educating, coaching, guiding, or instructing anyone on methods to defraud XFINITY or its actual or potential customers;

xiii.  misappropriating that which rightfully belongs to XFINITY, its customers, or potential customers, or in which XFINITY or its customers or potential customers have an interest;

5

xiv.    using the XFINITY Marks, or other trademark, service mark, trade name and/or trade dress owned or used by XFINITY or its subsidiaries, parents, and affiliates now or in the future, or that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the XFINITY's Marks, without XFINITY's prior written authorization;

xv.    engaging in any activity that infringes XFINITY's rights in or is likely to dilute the distinctiveness of the XFINITY Marks;

xvi.    engaging in unfair competition with XFINITY;

xvii.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' products or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with XFINITY, or (ii) XFINITY's products or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

xviii.    using, or authorizing any third party to use, in connection with business, goods or services, a false description, representation or designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associates such business, goods, and/or services with XFINITY, or tends to do so; and

xix.    receiving any compensation, directly or indirectly, whether in money, in kind, or otherwise, for any of the acts proscribed in subparagraphs above.

7.    Any attempts to advertise, promote, offer for sale, or sell products, services, or customer information of XFINITY or its subsidiaries, parents or affiliates, within or outside of the continental United States is and shall be deemed a presumptive violation of this injunction.

8. The address of Defendant Fastline INC a/k/a Texanbull, Inc. is 1000 Farrah Lane, Apt 728, Stafford, Texas 77477.

9. Defendant Muhammad Junaid Khan resides at 1000 Farrah Lane, Apt 728, Stafford, Texas 77477.

10. The parties hereto waive all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waive their right of appeal from the entry of this Final Judgment.

12. The Court retains jurisdiction over this matter and the parties to this action to (1) enter an award of damages, and (2) to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $1,300 for each use of XFINITY's name or marks and each contact directed at an actual or potential XFINITY customer. The Court finds that these amounts are compensatory and will serve to compensate XFINITY for its losses in the event a Defendant violates the terms of this Order.

13. The Court hereby finds that the above acts constitute willful and malicious injury by Defendant Fastline INC a/k/a Texanbull Inc. to XFINITY and/or the property of XFINITY, including XFINITY's federally-registered trademarks and XFINITY's image and reputation, and, therefore, this judgment is non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

14. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED this ___ day of _____, 2026.

_____
HON. CHARLES ESKRIDGE
UNITED STATES DISTRICT JUDGE

7